{¶ 34} I concur with the resolution of the first three assignments of error, but respectfully dissent from the resolution of the fourth assignment of error relating to the merger of offenses. I would hold under the plain error doctrine that, consistent with the test set forth in paragraph (a) of the syllabus to State v. Logan (1979),60 Ohio St.2d 126, the restraint applied by Cintron was merely incidental to the underlying attempted rape such that there existed no separate animus sufficient to sustain separate convictions for kidnapping and attempted rape.
 {¶ 35} The restraint Cintron used to commit the kidnapping was the same restraint he used while attempting to rape the victim. The state's evidence showed that Cintron did not move the victim — at all events she remained seated in the same chair she had occupied before Cintron exposed himself and tried to force her to perform oral sex. Likewise, the evidence of restraint did not rise to the level of "prolonged restraint" sufficient to find that he committed the kidnapping with a separate animus. The restraint applied by Cintron was simply that used to facilitate the attempted rape. See, e.g., State v. Quinones, Cuyahoga App. No. 87517, 2007-Ohio-70 (no separate animus for rape and kidnapping when the victim testified that rapes occurred in the same room and defendant did not remove the victim from the *Page 14 
place where she was found, nor did he secretly confine her); State v.Miner, Cuyahoga App. No. 85746, 2005-Ohio-5445 (no separate animus for rape and kidnapping when the victim testified that she was held in the living room for approximately five minutes and then held in the bedroom for an additional five minutes). In light of this court's analyses in the above cases, I would reverse Cintron's conviction for kidnapping. *Page 1